UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHEIMAGGIE CORDERO and
SUHEILY RODRIGUEZ,

                Plaintiffs,

                                        10 CV 5960 (SJ) (VVP)

       -against-                    **MEMORANDUM &**
                                            **ORDER**

THE COLLECTION COMPANY, INC.,

                Defendant.
--------------------------------------------------------X
A P P E A R A N C E S

LAW OFFICE OF CHRISTOPHER P. FOLEY
The Katonah Professional Building
51 Bedford Road
Katonah, NY 10536
Attorney for Plaintiffs

**JOHNSON, Senior District Judge:**

       The facts surrounding the instant action are uncomplicated. The Collection Company, Inc., ("Defendant") is alleged to have sent, via United States mail, one letter to plaintiff Cheimaggie Cordero and one to plaintiff Suheily Rodriguez ("Plaintiffs"). In each letter, Defendant identifies an unpaid medical bill and seeks to collect on it from Plaintiffs on behalf of Complete Medical Services of NYC, PC ("Complete Medical"). (Docket Nos. 9, 10.) Plaintiffs claim that the letters failed to comply with the disclosure requirements of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1601 et seq. ("FDCPA"). Plaintiffs filed the complaint on December 22, 2010, seeking statutory damages, fees and costs. Defendant's authorized agent in the Office of the Secretary of State was duly served and Defendant failed to answer the complaint or respond in any fashion. Plaintiffs then filed the instant motion.

**DISCUSSION**

*I. Statutory Damages*

On a motion for judgment by default, the Court may accept the well-pleaded allegations of the Complaint as true. Here, they are simple. Both Plaintiffs claim Defendant attempted to collect a debt in violation of the law. The Court considers those letters, attached to the respective declarations of Cordero and Rodriguez, to be incorporated by reference into the complaint. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391 (2d Cir. 2006) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152-3 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."); see also Mezzacappa Brothers, Inc. v. City of New York, 2003 WL 22801429, at *5 n.10 (S.D.N.Y. Nov. 24, 2003) (noting that courts in Second Circuit may consider documents incorporated by reference; matters of

which judicial notice may be taken; and documents upon whose "terms and effect the complaint relies heavily").

Each letter states that "[i]t has come to [Defendant's] attention that" there is an outstanding medical bill that is Plaintiff's "responsibility to reimburse" and that Plaintiff shall either remit payment or contact Defendant "as soon as [she] gets this letter to avoid any further legal action." Each letter is accompanied by an invoice purportedly executed by Complete Medical. Both Cordero and Rodriguez allege only that they received this one written communication from Defendant.

Plaintiffs claim statutory damages under numerous FDCPA provisions. Specifically, they invoke 15 U.S.C. § 1692g(a)'s requirement that an initial communication by a debt collector be accompanied by certain information not provided to them, to wit:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

See 15 U.S.C. § 1692g(a)(3), (4), (5). Plaintiffs also argue that Defendant violated (1) § 1692e(11) by failing to disclose that it was attempting to collect a debt; (2)

§ 1692e(5) by threatening to take action that could not legally be taken or that it did not intend to take; and (3) the general ban on using false or misleading methods of collecting debt embodied by § 1692e and/or § 1692e(10). Based on the undisputed facts, taken as true, Plaintiffs have demonstrated that Defendant violated each of these provisions, save § 1692e(5), as the letters do not claim that the Collection Company itself intended to take further action.

As to damages, Plaintiffs neither claim nor seek actual damages but each request statutory damages in the amount of $1,000 each. See 15 U.S.C. § 1692k(a)(2)(A) (authorizing the latter). However, "[t]he decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998) (citation omitted). In that vein, courts of this Circuit have reserved the maximum award of $1,000 for violations that are "particularly egregious." Dunn v. Advanced Credit Recovery, Inc., 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012) (collecting cases and awarding $1,000 to plaintiff where representative of defendant debt collector claimed to be an attorney and provided details of the debt, along with plaintiff's date of birth and social security number, to a third party); see also Bonafede v. Advanced Credit Solutions, LLC, 2012 WL 400789, at *3 (W.D.N.Y. Feb. 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent); Twarozek v. Midpoint Resolution Group, LLC, 2011

4

WL 3440096, at *4 (W.D.N.Y. Aug. 8, 2011) (declining as "excessive" demand for $1,000 for violation consisting of one improper telephone call made by defendant in addition to its improper disclosure of information to a third party and false representations).

In this case, Plaintiffs' declarations both indicate that the letter submitted to the Court was the first and last written communication from Defendant, and neither Plaintiff reports having received telephone calls. Having reviewed the letters, the Court finds that, while they fail to comply with the FDCPA, they do not establish particularly egregious or intimidating conduct. Therefore, Plaintiffs are each awarded $250, for a total of $500. Compare Bonafede, 2012 WL 400789, at *3 (awarding plaintiff $250 where debt collector made more than one call, and disclosed plaintiff's private information to a third party); and Twarozek, 2011 WL 3440096, at *4 (awarding plaintiff $250 for one improper telephone call reporting a bounced check); with Engler v. Atlantic Resource Mgmt., LLC, 2012 WL 464728, at *3 (W.D.N.Y. Feb. 13, 2012) (awarding $500 to plaintiff where debt collector contacted his supervisor at his place of employment); and Dowling v. Krucker Kraus & Bruh, LLP, 2005 WL 1337442, at *4 (awarding $550 where collector violated the FDCPA "dozen of times").

## II. Attorneys' Fees and Costs

The FDCPA gives the Court discretion to award Plaintiffs reasonable attorney's fees as well as costs. See 15 U.S.C. § 1692k(a)(3). In this Circuit, a party seeking fees must provide the Court with sufficient information to determine if the fee assessed is reasonable. See generally New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983). Specifically, "[a] party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" Sheet Metal Workers Nat'l Pension Fund v. Skye Sheet Metal, Inc., 2010 WL 3119783, at *9 (E.D.N.Y. Jun. 22, 2010). Here, counsel for Plaintiffs has submitted time records indicating 6.2 hours of work chargeable at a rate of $300 per hour. While counsel does not claim a particular expertise, the Court takes judicial notice of his 1993 admission to the Bar of the State of New York and in light of same finds that fee to be reasonable. See, e.g., Dunn, 2012 WL 676350, at *6 ($300 per hour fee reasonable for civil litigators working in small firms); Diplomatic Man, Inc. v. Brown, 2007 WL 2827125, at *2 (S.D.N.Y. Sept. 28, 2007) (hourly rate of $440 for partner with 23 years experience). Additionally, the Court finds that 6.2 hours of work (the bulk of which was spent drafting the complaint, affidavits, and memorandum of law in support of the motion for default judgment) is in line with similar actions. See

Dunn, 2012 WL 676350, at *6 (collecting cases where counsel spent between 13 and 18 hours prosecuting FDCPA claims through the motion for default judgment stage). Finally, the Court awards costs, in the amount of $410.00, representing the $350.00 filing fee and $60.00 for service of process.

## **CONCLUSION**

For the foregoing reasons, the Court grants Plaintiffs' motion for default judgment and awards Cheimaggie Cordero and Suheily Rodriguez $250 each in statutory damages, and $2,270 in attorneys' fees and costs, for a total of $2,770. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: March 30, 2012 _____/s_____
      Brooklyn, NY                   STERLING JOHNSON, JR.
                                    Senior United States District Judge